## PARDON TILLINGHAST vs. NICHOLAS S. FRY.

A mortgage having been made covering an entire estate, and a part of said estate having been improved after the making of the mortgage, by the erection of a mill and its appurtenances, the said estate was subsequently severed by conveyances to different purchasers; the improved part thereof passing to A. and the other part to B. who was also the assignee of the mortgage; held, that, as the improvements had been placed on the property by the mortgagor before its severance, the amount to be paid by A. in order to redeem his part from said mortgage, must be apportioned according to the improved value of his part of the estate, and not according to its value at the date of the mortgage.

EXCEPTIONS to the report of a Master in Chancery. The material facts were as follows: On the 8th of March, 1813, Jonathan Nichols executed two several

Pardon Tillinghast *vs.* Nicholas S. Fry.

mortgages of a tract of land containing fifty acres—one to Marcy Spencer and the other to Wanton Spencer and others. On the 6th of June, 1825, said Jonathan Nichols, having in the mean time erected a mill upon the mortgaged premises, conveyed to his son, Gorton W. Spencer, one undivided half of the mill and appurtenances. On the 16th of May, 1833, said Jonathan executed another deed to said Gorton, quit-claiming his right to the whole fifty acres, reserving one-half of the mill and mill lot; and the said Gorton gave to said Jonathan a lease for life of the whole fifty acres, including the mill and mill lot. On the 22d of June, 1835, the said Gorton mortgaged the whole fifty acres to one Jonathan Reynolds; and this mortgage was afterwards assigned to the defendant. One year after making this mortgage, said Gorton conveyed, in fee, one undivided half part of the mill and appurtenances, and of the half acre on which it stood; which portion of the estate, after sundry mesne conveyances, passed on the 25th of January, 1838, to the complainant. On the 31st of January, 1838, said Gorton executed another mortgage of the whole fifty acres to the defendant, to secure the payment of $1882,46. On the 24th of March, 1840, the equity of redemption of the whole tract was conveyed to the defendant. On the 3d of May, 1842, Jonathan Nichols released to the complainant all his interest in the one undivided half of the mill and its appurtenances, and of the half acre of land on which it stood. The defendant was also the assignee of the mortgages executed by Jonathan Nichols to Marcy Spencer and to Wanton Spencer, and others dated March 8, 1813.

Under a decree, rendered upon a bill to redeem,

brought by the complainant,* Elisha R. Potter, Master in Chancery, was directed to apportion the amount due to the defendant upon the mortgages held by him, and it was agreed at the hearing before the Master, that by that decree the complainant was entitled to his mill, mill-lot and appurtenances, upon paying such portion of the Spencer mortgages as the value of the whole mill lot bore to the whole tract mortgaged, and such portion of the Reynolds mortgage as one-half of the mill lot bore to the whole tract included in that mortgage, and the complainant contended that the payment ought to be apportioned according to the value of the property in 1813, when the Spencer mortgage was given, and that the mill and improvements ought not to be taken into consideration. But as these improvements were stated in the bill to have been placed on the property by the mortgagor before the property was severed, and the complainants, and those under whom he held, took it in its improved state, the Master was of opinion that the improvements should properly be considered in the apportionment, and made report accordingly.

This report was excepted to, and, after argument, confirmed by the Court.

* See Tillinghast *vs.* Fry, p. 53 Supra.